**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNYLVANIA**

DEVIN SMITH,                                                          )
                                                                     )
        Plaintiff,                                                )
                                                                     )
v.                                                                   )
                                                                     )   Civil Action No.  2:11-cv-01531
ERICK A. GATEWOOD, individually, and                                 )
THE JOINT COMMISSION OF THE                                          )
SOUTHWEST MERCER COUNTY REGIONAL                                     )   Judge Mark R. Hornak
POLICE DEPARTMENT, as agent for                                      )
THE CITY OF FARRELL, PENNSYLVANIA,                                   )
BOROUGH OF WHEATLAND PENNSYLVANIA, )
TOWNSHIP OF SHENANGO PENNSYLVANIA,  )
and BOROUGH OF WEST MIDDLESEX                                        )
PENNSYLVANIA                                                         )
                                                                     )
        Defendants.                                               )

## MEMORANDUM OPINION

Plaintiff Devin Smith brings this civil rights action against Erick A. Gatewood ("Officer Gatewood") in his individual capacity, and also against his employer, the Joint Commission of the Southwest Mercer County Regional Police Department, as "agent" for four (4) local municipalities (the "Department") (collectively, the "Defendants") for conduct following a traffic stop that occurred in May 2009. Currently pending before the Court is the Defendants' Motion to Dismiss the Complaint Pursuant to Fed. R. Civ. P. ("Rule") 12(b)(6). The motion, having been fully briefed, is now ripe for disposition, and, for the reasons set forth below, the Court will grant the motion.

## I.   FACTUAL BACKGROUND

The Complaint avers the following facts, which, for purposes of deciding a Rule 12(b)(6) motion, we must accept as true and draw all reasonable inferences in favor of the non-moving party. See Fowler v. UPMC Shadyside, 578 F.3d 203, 211-12 (3d Cir. 2009).

On May 2, 2009, Plaintiff was driving in the City of Farrell in Mercer County, Pennsylvania when he was pulled over by Officer Gatewood and Officer Scott Patterson, both of the Department, in a marked police cruiser. As justification for the traffic stop, Gatewood stated that the air freshener hanging from the interior rear view mirror of the vehicle operated by the Plaintiff was a window obstruction.[1]  After asking for the identification of both the Plaintiff and the passenger and after checking for any outstanding warrants on the vehicle's occupants, the 911 dispatcher advised Officer Gatewood that the Plaintiff and the passenger had outstanding warrants for their arrest. Officer Gatewood then removed both individuals from the car, conducted a pat down search "for officer safety," and proceeded to conduct a search of the passenger cabin of the vehicle. During his search, Officer Gatewood located four (4) baggies in a compartment below the radio. Three (3) of the baggies contained suspected marijuana and one (1) of the baggies contained suspected crack cocaine. Officer Gatewood, after placing the Plaintiff and his passenger under arrest, continued to search the car, whereupon he found a digital scale and additional sandwich baggies. Plaintiff was subsequently charged with two (2) counts of Possession with Intent to Deliver and one (1) count of each of Possession of a Controlled Substance, Criminal Conspiracy to Commit Possession with Intent to Deliver, and

---

[1] At the time of the traffic stop, Plaintiff was driving a 2009 silver Nissan owned by Enterprise Rental Car and rented by Karl Moore. Although Karl Moore authorized Plaintiff's operation of the car, the Complaint is devoid of any evidence that Plaintiff was listed as an authorized driver in the rental agreement that might trigger any reasonable expectation of privacy Plaintiff could enjoy in the rental car. See U.S. v. Kennedy, 638 F.3d 159 (3d Cir. 2011). However, for the reasons that follow, the Court need not consider the merits of the Plaintiff's claim at this stage.

Possession of Drug Paraphernalia. Mr. Smith was placed in the Mercer County Jail on May 2, 2009. On May 3, 2009, bond was set at $15,000, which was reduced to $5,000 on June 4, 2009. At that time, Plaintiff was unable to post bond.

In late July 2009, Plaintiff filed a pretrial motion to suppress all evidence seized as a result of Officer Gatewood's search of the vehicle. On October 14, 2009, the Court of Common Pleas of Mercer County granted Plaintiff's suppression motion. Upon a timely appeal filed by the Commonwealth of Pennsylvania, the Pennsylvania Superior Court affirmed the trial court's decision, and on December 14, 2010, the Commonwealth of Pennsylvania withdrew all charges that were brought against the Plaintiff as a result of the May 2, 2009 traffic stop.

Plaintiff filed this civil rights action on December 2, 2011. In essence, Plaintiff claims that, as a result of Officer Gatewood's illegal search, his right to be free from unreasonable searches and seizures as guaranteed by the Fourth Amendment to the United States Constitution was violated and his liberty was deprived by being wrongfully held in the Mercer County Jail from May 2, 2009 to December 6, 2010, when he posted bond. Plaintiff also brings a claim against the Department for failing to adequately train Officer Gatewood.

The Defendants have filed a motion to dismiss pursuant to Rule 12(b)(6), alleging that Plaintiff filed the Complaint well after the statute of limitations had run on the claims in this case. In response, Plaintiff concedes that the limitations period for the claims asserted in the Complaint has indeed run and has offered no justification as to why the statute of limitations would not bar his claims. That response, in its entirety, states:

1. Defendant was arrested May 2, 2009 on the basis of an alleged illegal search.

2. On May 7, 2009 plaintiff had a preliminary hearing and all charges were bound over.

3

3. On October 14, 2009 the Mercer County Common Pleas Judge ruled the search to be illegal and all evidence suppressed.

4. The Commonwealth [a]ppealed the Order on October 28, 2009 to Superior Court.

5. On December 14, 2010 the Superior Court affirmed the trial courts [sic] decision.

6. Plaintiff filed the cause of action on December 4, 2011.[]

7. On January 31, 2012 defendant filed a motion to dismiss based upon the statute of limitations expiring.

8. Pursuant to United States Supreme Court [c]ase Wallace v. Kato, 549 U.S. 384 (2007)[,] the cause of action accrued on May 7, 2009.

9. Plaintiff concedes that the [sic] under Wallace the statute has expired.

    WHEREFORE, plaintiff concedes the cause of action was submitted beyond the statute of limitations.

(Doc. No. 9)

## II.   DISCUSSION

Normally, the appropriate avenue to bring a statute of limitations defense is the answer as contemplated in Rule 8(c). See Robinson v. Johnson, 313 F.3d 128, 135 (3d Cir. 2002). However, under Third Circuit precedent, a limitations defense may be raised by a motion pursuant to Rule 12(b)(6), but only if "the time alleged in the statement shows that the cause of action has not been brought within the statute of limitations." Id. (citing Hanna v. U.S. Veterans' Admin. Hosp., 514 F.2d 1092, 1094 (3d Cir. 1975) (internal quotations omitted)). Thus, if it is "not apparent on the face of the complaint, then [the bar] may not afford the basis for a dismissal of the complaint under Rule 12(b)(6)." Id. (citing Bethel v. Jendico Const. Corp., 570 F.2d 1168, 1174 (3d Cir. 1978)). That said, the limitations defense, consistent with the purpose of Rule

8(c), must be raised as early as reasonably possible. <u>Robinson</u>, 313 F.3d at 136 (citing <u>Davis v.</u> <u>Bryan</u>, 810 F.2d 42, 44 (2d Cir. 1987); <u>Banks v. Chesapeake & Potomac Tel. Co.</u>, 802 F.2d 1416 (D.C. Cir. 1986); <u>Paetz v. United States</u>, 795 F.2d 1533 (11th Cir. 1986)). In fact, our Court of Appeals has held that the limitations can be waived if it is not pursued before trial, albeit raised in the answer. <u>See</u> <u>Bradford-White Corp. v. Ernst & Whinney</u>, 872 F.2d 1153 (3d Cir. 1989).

Here, Defendants bring the statute of limitations defense in their first responsive pleading (a Rule 12(b)(6) motion) to Plaintiff's Complaint within sixty (60) days of the commencement of this action. Thus, the Court is satisfied that, given the relatively short amount of time between the filing of the Complaint and Defendants' filing of the instant motion before any other pleading, consideration of the statute of limitations defense is proper at this time.

It is well established that a state's statute of limitations for personal injury actions applies to all actions brought under 42 U.S.C. § 1983 ("Section 1983"). <u>See</u> <u>Wallace v. Kato</u>, 549 U.S. 384, 387 (2007) (citing <u>Owens v. Okure</u>, 488 U.S. 235, 249-50 (1989)); <u>Sameric Corp. of Del.,</u> <u>Inc. v. City of Philadelphia</u>, 142 F.3d 582, 599 (3d Cir. 1998). In Pennsylvania, the statute of limitations for personal injury action, and thus a Section 1983 claim, is two years. <u>See</u> <u>Kach v.</u> <u>Hose</u>, 589 F.3d 626, 6334 (3d Cir. 2009); 42 Pa. Const. Stat. Ann. § 5524 (West 2012). Under federal law, the limitations period in a Section 1983 case begins to run from the time the plaintiff knows or has reason to know of the injury that the Section 1983 claim is based upon. <u>Montgomery v. De Simone</u>, 159 F.3d 120, 126 (3d Cir. 1998) (quoting <u>Gentry v. RTL</u>, 937 F.2d 899, 919 (3d Cir. 1991). Officer Gatewood's search of the vehicle occurred on May 2, 2009. (Complaint ¶¶ 10-20.) The Plaintiff was present at the search and had knowledge of any injury at that time. Accordingly, his Fourth-Amendment-based Section 1983 claim accrued on the same date. Therefore, because the instant action was not filed until December 21, 2009 – seven

months after the limitations period had closed – the illegal search claim is, as plaintiff concedes, time-barred.  For the same reasons, Count II, alleging that the Department failed to adequately train Officer Gatewood, is also concededly brought outside of the two-year statute of limitations. See Koehnke v. City of McKeesport, 350 F. App'x 720, 722-24 (3d Cir. 2009).

Count I of the Complaint is titled " DEVIN SMITH v. ERIC[K] A. GATEWOOD INDIVIDUALLY ... VIOLATION OF 42 U.S.C. § 1983," and while its allegation certainly makes out an unreasonable search and seizure claim, it also suggests that Plaintiff raises a false imprisonment claim.  As such, since Montgomery, the United States Supreme Court has held that the statute of limitations in a Section 1983 case for false imprisonment begins to run when the plaintiff appears before a magistrate and is bound over for trial.  Wallace, 549 U.S. at 391. Plaintiff concedes in his Response to Defendants' Motion to Dismiss that the charges were bound over at a preliminary hearing on May 7, 2009.  Therefore, to the extent the Complaint can be construed as bringing a false imprisonment claim, it is also time-barred.

### III.   CONCLUSION

After review of the Complaint, the motion to dismiss, and Plaintiff's concession within his response to the instant motion, it is facially uncontroverted that all counts in the Complaint are brought outside of the applicable statute of limitations.  Thus, for the reasons stated herein, the Court hereby grants Defendants' Motion to Dismiss Pursuant to Rule 12(b)(6).

An appropriate order will issue.

Mark R. Hornak
United States District Judge

cc:    All Counsel of Record